JAMES ZENSEN, PLAINTIFF-APPELLANT, v. WILLIAM D'ELIA, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 14, 1967—Decided March 8, 1967.

166

Before Judges Conford, Foley and Leonard.

*Mr. Herbert E. Greenstone* argued the cause for appellant (*Messrs. Greenstone & Greenstone,* attorneys).

*Mr. H. Frank Carpentier* argued the cause for respondent (*Messrs. Carton, Nary, Witt & Arvanitis,* attorneys; *Mr. J. Victor Carton,* of counsel).

The opinion of the court was delivered by

Foley, J. A. D. In this medical malpractice case, tried to a jury, plaintiff appeals from a judgment entered upon a verdict of no cause of action.

Plaintiff was severely injured in an automobile accident and as a result came under the professional care of defendant for treatment of a fractured left arm. The present action is based upon the alleged negligence of defendant in the application and observation of a cast which, plaintiff charges, resulted in a contracture of his left arm and wrist.

Plaintiff originally sued the motorist involved in the automobile accident. That case was settled for $25,000 in consideration of plaintiff's general release. Thereafter, the malpractice case was instituted. At the trial of this case defendant, over the objection of plaintiff, was permitted to offer evidence of the prior settlement in mitigation of damages, upon the theory that plaintiff was not entitled to a double recovery, but only to such damages as naturally and proximately flowed from the alleged malpractice, and then only if plaintiff was not compensated for such damages by the prior settlement.

■ In its charge the court instructed the jury that "if some part or all of that settlement compensated plaintiff for the injuries he contends defendant is responsible for, defendant would be entitled to a credit for such amount against any recovery against him." This was a correct statement of the law, as set out in *Daily v. Somberg*, 28 *N. J.* 372, 386 (1958).

At the conclusion of the charge the judge instructed the jury to make special findings as follows:

"If you find in favor of Defendant and against the Plaintiff for no cause of action you shall designate whether such verdict was arrived at by reason of:
(a) Plaintiff's failure to prove liability on the part of Defendant:
or
(b) that Plaintiff has heretofore received full compensation for the injuries claimed to have resulted from Defendant's negligence.

If you find in favor of the Plaintiff and if you find that some portion of the prior settlement compensated Plaintiff for the injury claimed in this litigation, set forth the amount in dollars and cents that you determine that the Defendant is entitled to be credited with."

In connection with the findings the court charged that the jury need give consideration to the evidence relating to the settlement only if it was satisfied that plaintiff had established defendant's negligence as the proximate cause. The jury found no cause of action by reason of plaintiff's failure to prove liability on the part of the defendant, as set out in part (a) of the special findings.

■ On this appeal plaintiff first contends that the trial court erred in admitting testimony relating to the release and settlement of the prior suit, which involved injuries for which plaintiff was treated by defendant. His argument is bifurcated: (1) the pretrial order entered in the case did not contain any reference to release and settlement "as an affirmative defense" to be raised by defendant at the trial, and (2) defendant's counsel did not limit himself merely to mitigation of damages but sought to prove that the release was intended by plaintiff "to release any and all claims." We are not impressed by either argument, particularly in light of *Daily v.*

*Somberg, supra.* However, we need not and do not pass upon either thesis. As plaintiff's attorney recognized on the oral argument, the settlement and release was relevant only to the issue of damages. When the jury found as a fact that defendant was not negligent and hence not liable, the entire issue of damages resulting from the alleged malpractice and all legal issues appertaining thereto became moot. Therefore, even if plaintiff's position was meritorious, he suffered no prejudice. See *R. R.* 1:5-3(b).

Next, plaintiff argues that his cause was prejudiced when the court over objection permitted defendant to show that he was "one of a group of physicians designated by the New Jersey Supreme Court as an impartial witness concerned with the examination and appearance in court of orthopedic problems." The evidence was adduced in support of the doctor's qualifications. Objection to similar evidence on the same issue was sustained by the court as to defendant's expert witness Dr. Kuhn.

█ At the conclusion of the trial the judge expressly charged the jury that they were to disregard this testimony and offer of proof, and not permit it to have any bearing upon their decision. We think the charge dissipated any harm which may have been done and reject plaintiff's argument for that reason.

However, we do not think that we should let the occasion pass without expressing our views concerning the allusions mentioned. *R. R.* 4:25A is designed to provide a panel of medical experts, approved by the Medical Society of New Jersey and an Advisory Committee appointed by the Supreme Court, which would be of material aid to a factual determination of an action where, presumably, the medical contentions of the contesting parties are in substantial dispute.

█ In our judgment, appointment to such a panel, although undoubtedly an honor, was not intended to add generally to the qualifications of the expert in the sense that a medical degree might—nor do we think it intended that as the expert's qualifications are weighed by a jury there

should be placed in the scales the prestige of the Supreme Court, which promulgated the rule pursuant to which he was selected. For these reasons we hold to be improper the showing of appointment to the panel, at least in a case in which he is not called to testify as an impartial witness in accordance with the rule of court.

Lastly, plaintiff argues that the verdict was tainted by remarks made by defendant's counsel in summation relating to the impact of a verdict for plaintiff upon the professional standing of defendant doctor. Plaintiff's attorney objected and the trial judge sustained the objection, describing the remarks as "unfair comment." We agree. Some colloquy between court and counsel followed, but no further objection was addressed to the trial judge, nor was he requested to grant a mistrial. Our examination of the record convinces us that the court clearly conveyed to the jury the idea that they were to decide the case upon the evidence and not concern themselves with the possible effects of their determination upon defendant's professional standing in the community.

Affirmed.